FILED
2007 MAY 18 AM 11: 13
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JUDY CROUCH, CHERYL HUFF, ERIC THREADGILL, REBECCA BLACKBURN, SHAUNA HENSLEY PAT PLASKETT, PATTY MASON, ELONDA LAYNE, LISA JOHNSON, ANTHONY QUINN, JENNIFER FRALEY and BRANDY ROHWEDER on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GUARDIAN ANGEL NURSING, INC., a Tennessee corporation; GUARDIAN ANGEL NURSING, INC., a Mississippi corporation; ON-CALL STAFFING OF TENNESSEE, INC. d/b/a LEAWOOD, INC.; ON-CALL STAFFING, INC. d/b/a LEAWOOD, INC. and LEAWOOD, INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. <br><br> **3-07- 0541** <br><br> **JUDGE NIXON** |

## COMPLAINT

Come the plaintiffs, pursuant to Section 216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for other stated related causes of action, and file this lawsuit against defendants for themselves and all others similarly situated, and for their causes of action state as follows:

1. Defendant Guardian Angel Nursing, Inc. is a Tennessee corporation ("Guardian Angel #1"). Its registered agent for service of process is E. L. Garner, III, 5968 Knight Arnold Road, Memphis, Tennessee, 38187-2194.

2. The second named defendant Guardian Angel Nursing, Inc. is a Mississippi corporation (Guardian Angel #2). Its registered agent for service of process is E. L. Garner, III, 314 Cutting Horse Lane, Batesville, Mississippi, 38606.

3. Defendant On-Call Staffing, Inc. d/b/a Leawood, Inc. is a Tennessee corporation. Its registered agent for service of process is CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee, 37929.

4. Defendant On-Call Staffing of Tennessee, Inc. d/b/a Leawood, Inc. is a Tennessee corporation with its principal place of business in Wilson County, Tennessee. Its registered agent for service of process is Thurman McLean, 608 Bowling Avenue, Nashville, Tennessee 37215.

5. Defendant Leawood, Inc. is an inactive Mississippi corporation doing business in the State of Tennessee and is the current name through which defendants On-Call Staffing, Inc. and On-Call Staffing of Tennessee, Inc. are doing business. Upon belief and information, defendants On-Call Staffing, Inc. and On-Call Staffing of Tennessee, Inc. have transferred their assets to defendant Leawood, Inc. E. L. Garner, III, 314 Cutting Horse Lane, Batesville, Mississippi, 38606 is the proper agent for service of process for defendant Leawood, Inc.

6. Upon belief, all defendants have a common scheme of operation and ownership, each with equal dominance and control over the other, and accordingly, all acts and omissions of each defendant are imputed to all other defendants.

7. Through assignments by defendants, each of the named plaintiffs, who are licensed practical nurses in the State of Tennessee, provides nursing care to defendants' clients in the clients' homes in various counties in Tennessee, including but not limited to Pickett, Fentress and Macon counties.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this cause of action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.* Further, supplemental jurisdiction for the state related claims are conferred upon this Court by 29 U.S.C. § 2617(a). Venue of this action is proper pursuant to 28 U.S.C. § 1391.

9. At all times material to this action, each defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

10. Plaintiffs were employed by defendants within the last three years before the filing of this lawsuit.

11. While plaintiffs worked for defendants, each defendant was an "employer" of each plaintiff, as defined by 29 U.S.C. § 203 *et seq* of the FLSA.

12. While plaintiffs worked for defendants, each plaintiff was an "employee" of each defendant, as may be applicable, as defined by 29 U.S.C. § 203(e)(1) of the FLSA, and worked for defendants within the territory of the United States within three years preceding the filing of this lawsuit.

13. The services plaintiffs rendered to and/or on behalf of defendants were a necessary and integral part of and essential to the operations of defendants.

14. None of the plaintiffs was employed by any defendant in executive or administrative positions, nor was any plaintiff subject of any collective bargaining agreement.

15. None of the plaintiffs was a salaried employee, nor did any plaintiff receive a weekly base wage from any defendant.

16. Plaintiffs were paid by defendants on an hourly basis for work performed.

17. From May 18, 2004 through to the date of filing this Complaint, each defendant had an established seven (7) consecutive day work period beginning Monday of each week and ending the following Sunday.

18. The overtime wage provisions of the FLSA set forth in 28 *U.S.C.* §§ 206 and 207 apply to defendants, and accordingly, defendants are required to pay plaintiffs overtime wages at a rate of one and one-half times each plaintiff's hourly rate of pay applicable for the time and shift hours work.

19. Defendants, however, failed and refused pay plaintiffs overtime wages for all hours plaintiffs worked for each defendant in excess of 40 hours per week.

20. The actions of defendants were intentional and in knowing violation of the law in that a nurse, who worked for defendants, notified the United States Department of Labor, Hour and Wage Division, ("USDL") of defendants' violations of the FLSA, which prompted an investigation by the USDL.

21. Upon belief and subject to verification, the USDL notified defendants of such violations.

22. Upon belief and subject to verification, defendants had contracts with Cumberland River, a private duty nursing organization, for defendants' employees, including plaintiffs, to provide in-home nursing services to Cumberland River's clients. In exchange, Cumberland River paid defendants for these services at a particular hourly rate for all hours worked by each nurse less than 41 per week and for one and one-half times each nurses' hourly rate for all hours each nurse worked in excess of 40 per week. Plaintiffs are third party beneficiaries of these contracts between Cumberland River and defendants.

23. Defendants violated the portal to portal provisions of the FLSA in that defendants refused and failed to pay plaintiffs overtime wages for travel time that occurred when plaintiffs completed a shift and left one (1) of defendants' clients' homes and immediately traveled to another of defendants' clients' homes for additional shift work.

24. Defendants' violations of 28 $U.S.C.$ § 207 were deliberate, willful and not in good faith.

25. Pursuant to 28 $U.S.C.$ § 216(b) plaintiffs are entitled to a judgment for the uncompensated overtime wages, an amount to be calculated plus an additional equal amount as liquidated damages, prejudgment interest, attorney fees and litigation expenses and costs.

26. Defendants have been unjustly enriched in that defendants refused and failed to pay plaintiffs regular wages for travel time that occurred when plaintiffs completed a shift and left one (1) of defendants' clients' homes and immediately traveled to another of defendants' clients' home for additional shift work.

27. Defendants improperly classified plaintiffs as independent contractor and as a result, defendants failed and refused to pay their employers' share of the Federal Insurance Contribution Act (FICA) taxes on each plaintiff's gross wages, and accordingly plaintiffs were required to pay the same.

28. By defendants' failure and refusal to pay their employers' share of FICA on behalf of plaintiffs, defendants were unjustly enriched.

29. By defendants' failure and refusal to pay their employer's share of FICA on behalf of plaintiffs and failure and refusal to pay plaintiffs for travel time between consecutive assignments, they exercised dominion over and appropriated such funds for their own use and benefit, thereby depriving plaintiffs' of the rights and benefits thereto. Accordingly, defendants

are guilty of conversion. As a proximate result of defendants' conduct, as alleged herein, plaintiffs suffered damages and are entitled to an award of compensatory and consequential damages.

30. Defendant's conversion, as alleged herein was intentional, willful, oppressive reckless and calculated to cause plaintiffs to suffer injuries or accomplished with a deliberate indifference to the injuries that plaintiffs would suffer, and accordingly, plaintiffs are entitled to an award of punitive damages in order to deter defendant from repeating said conduct.

31. Plaintiffs are aware of other similarly situated employees and/or former employees of defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the lawsuit by filing a consent pursuant to Section 216(b) of the FLSA. Specifically, plaintiffs are aware of other employees of defendants who worked as licensed practical nurses who were not paid overtime wages at a rate of one and one-half times their regular rate of pay for all hours worked over 40 during each work week. All other licensed practical nurses that have worked for defendants within the last three years and have not been paid overtime wages for all hours worked over 40 during each work week are similarly situated to plaintiffs and should be given notice of this lawsuit and the opportunity to join.

32. All other similarly situated employees are also entitled to damages in the form of uncompensated overtime wages, liquidated damages, attorney's fees and other damages so as to preclude defendants' unjust enrichment.

33. Pursuant to Section 216(b), attached hereto and filed with this Complaint as Exhibits A through L are the Consent to Become Party Plaintiff executed by each plaintiff.

**WHEREFORE**, plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to Section 216(b) of the FLSA and for other stated related causes of action, pray for the following relief:

(a) They be allowed to give notice to all other potential plaintiffs who may be similarly situated, or that the court issue such notice;

(b) Other similarly situated former and present employees be given the opportunity to join this lawsuit as party plaintiffs by filing written consents pursuant to 29 U.S.C. § 216(b);

(c) Plaintiffs be awarded damages in the amount of their respective uncompensated overtime wages, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

(d) Plaintiffs are awarded punitive damages in the amount of $500,000 and other compensatory and consequential damages;

(e) Plaintiffs are awarded reasonable attorney's fees;

(f) Plaintiffs are awarded costs and expenses of this action;

(g) Plaintiffs are awarded prejudgment interest;

(h) Each plaintiff is awarded an amount equal to 7.65% of his or her gross wages for defendants' failure to pay their employer's share of FICA; and

(i) Plaintiffs are granted such other and further general and/or special legal and/or equitable relief to which they may be entitled or the Court deems proper.

Respectfully submitted,

LAW OFFICE OF CYNTHIA A. WILSON

*[signature]*

Cynthia A. Wilson #13145
Attorney for Plaintiff
First Tennessee Bank Building
345 S. Jefferson Ave, Suite 401
Cookeville, Tennessee 38501
931-525-1473

*[signature]* by CAW

Kenneth S. Williams #010678
Madewell, Jared, Halfacre & Williams
230 North Washington Avenue
Cookeville, Tennessee 38501
931-526-6101