IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
JUDY CROUCH, et al.,           )
                               )
       Plaintiffs,             )
                               )
       v.                      )    NO. 3:07-0541
                               )
GUARDIAN ANGEL NURSING INC.,   )    Judge Wiseman/Bryant
et al.,                        )
                               )
       Defendants.             )
```

**TO: The Honorable Thomas A. Wiseman, Jr.**

### REPORT AND RECOMMENDATION

Defendants have filed their Motion To Disqualify and/or for Partial Summary Judgment As To Certain Individual Opt-Ins (Docket Entry No. 260). As grounds for this motion, defendants assert that six individuals[1] who have filed notices to opt-in as plaintiffs have filed bankruptcy petitions in which they failed to list their claims in this case as assets. As a result, defendants maintain that these six should be judicially estopped from asserting claims in this case or, alternatively, that their claims should be dismissed summarily pursuant to Rule 56. Plaintiffs have filed a response in opposition to defendants' motion (Docket Entry No. 268), together with the declarations of Christin Johnson and Eva Marie Lemeh (Docket Entry Nos. 269 and 270).

---

[1] The memorandum in support of defendants' motion lists seven individuals. However, the parties have filed a joint order (Docket Entry No. 263), stating that, upon further investigation and for the reasons stated in this joint order, plaintiff Joyce Barnard should not be included in defendants' motion.

In a related matter, Michael Gigandet, in his capacity as the Chapter 7 bankruptcy trustee for the bankruptcy estate of Janice Enland Trent, has filed his motion to intervene as a plaintiff pursuant to Rule 24 of the Federal Rules of Civil Procedure (Docket Entry No. 264). None of the parties has filed a response to Mr. Gigandet's motion.

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion to disqualify and/or for partial summary judgment be **DENIED** and that Mr. Gigandet's motion to intervene should be **GRANTED**.

### Statement of the Case

Plaintiffs in this wage and hour case claim that they were employed as licensed practical nurses by defendants and that they were wrongfully denied overtime pay required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Defendants deny liability and maintain that plaintiffs were independent contractors, and not employees, and therefore exempt from the overtime pay provisions of the FLSA.

### The Defendants' Motion

In their present motion, defendants assert that six individuals who have filed notices of their intent to assert claims as plaintiffs in this action also have filed petitions for relief under the bankruptcy laws, and that these six have failed to list among their assets in their bankruptcy schedules their claims in

2

this lawsuit. Defendants argue that, under the doctrine of judicial estoppel, these plaintiffs' failure to disclose their claims as assets in their bankruptcy filings precludes them from prosecuting those same claims in this action.

## **Analysis**

As a general statement, the doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position "either as a preliminary matter or as part of a final disposition." Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002) (quoting Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1218 (6th Cir. 1990)). The doctrine is used to preserve "the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." Browning, 283 F.3d at 776 (quoting Teledyne Indus. Inc., 911 F.2d at 1218). The purpose of the doctrine is to protect the integrity of the judicial process by "prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest." In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999).

The Bankruptcy Code imposes upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims. Coastal Plains, 179 F.3d at 207-08; 11 U.S.C. § 521(1).

3

> The rationale for . . . decisions [invoking judicial estoppel to prevent a party who failed to disclose claims in bankruptcy proceedings from asserting that claim after emerging from bankruptcy] is that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of their assets. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete.

Rosenshein v. Kleban, 918 F.Supp. 98, 104 (S.D.N.Y. 1996).

Although courts have observed that "[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," there are several factors that typically influence the decision whether to apply the doctrine in a particular case. New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (quoting Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir. 1982)). First, a party's later position must be clearly inconsistent with its earlier position. Id. "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" Id. (quoting Edwards v.

4

Aetna Life Ins. Co., 690 F.2d 595, 599 (6th Cir. 1982)). If the party's position was not accepted in the prior proceeding, the party's later inconsistent position does not create a risk of inconsistent court determinations, and, therefore, poses little threat to judicial integrity. Id. at 750-51. A third fact often considered is whether the party seeking to assert an inconsistent position would gain an unfair advantage if not estopped. Id. In addition, the Sixth Circuit has held that evidence of an inadvertent omission of a claim in a previous bankruptcy is a reasonable and appropriate factor to consider when determining whether judicial estoppel should be applied. See Eubanks v. CBSK Financial Group, Inc., 385 F.3d 894, 899 (6th Cir. 2004).

Considering the foregoing equitable factors, the Court will examine the circumstances of each of the six opt-in plaintiffs who are the subjects of defendants' motion.

1. Christy Bain. Ms. Bain and her husband filed a voluntary Chapter 13 bankruptcy petition on April 2, 2008, and failed to list her claim in this case as an asset (Docket Entry No. 261-1). The Bains' Chapter 13 plan was confirmed on August 6, 2008, and remains pending (Docket Entry No. 268-11). On February 18, 2009, Ms. Bain filed a notice of amendment to the schedules to her bankruptcy petition to include her claim in this case (Docket Entry No. 268-12), and the Trustee, Henry Hildebrand, expects to

5

pursue her claim in this case for the sole benefit of her creditors (Docket Entry No. 268, p. 4).

  2. <u>Tracy Garrett</u>. Ms. Garrett filed a voluntary Chapter 13 bankruptcy petition on April 8, 2008, and failed to list her claim in this case as an asset.[2] Her Chapter 13 plan was confirmed on June 17, 2008 (Docket Entry No. 268-1). Ms. Garrett has notified Henry Hildebrand, the Chapter 13 bankruptcy trustee, of her claim, and she has amended her bankruptcy schedules accordingly (Docket Entry No. 268-15). Mr. Hildebrand has stated his intent to pursue her claim solely for the benefit of her creditors (Docket Entry No. 268-14).

  3. <u>John Sawyer</u>. Mr. Sawyer and his wife filed their voluntary Chapter 7 bankruptcy petition on April 26, 2007, and failed to list his claim in this case as an asset. He was discharged on August 7, 2007 (Docket Entry No. 261-4). Over a year later, he filed a consent to become a party plaintiff in this action on September 10, 2008. He has since filed amendments to his bankruptcy schedules (Docket Entry No. 268-8), and trustee John McLemore has filed a motion to reopen his case and to set aside the no-asset report (Docket Entry No. 268-9).

  4. <u>Christin Johnson</u>. Ms. Johnson filed a voluntary Chapter 7 bankruptcy petition on October 30, 2007, and failed to

---

[2]Ms. Garrett had also filed two prior bankruptcy petitions that were dismissed without debt relief or benefit to her (Docket Entry No. 268, p. 4).

6

list her claim in this case as an asset. By way of declaration, Ms. Johnson has testified that she told the paralegal who helped her fill out her bankruptcy schedules about this case, and the paralegal told her that "if [she] got paid anything [she] would have to let [her] attorney know so that she could advise the bankruptcy court of such award and that the court would decide what amount of money [she] would receive." (Docket Entry No. 269, para. 3). Ms. Johnson voluntarily moved for dismissal of her bankruptcy petition on December 4, 2007, and the petition was dismissed upon her motion on December 28, 2007 (Docket Entry No. 261-5).

   5. <u>Janice Trent</u>. Ms. Trent filed her voluntary Chapter 7 bankruptcy petition on October 31, 2007, and failed to list her claim in this case on her bankruptcy schedules. She received a discharge on March 13, 2008 (Docket Entry No. 261-6). She has since notified the trustee in her case, Michael Gigandet, of her claim, and he has filed a motion to retrieve and reopen her bankruptcy case, defer costs and set aside her no-asset report (Docket Entry No. 268-4). Mr. Gigandet also has filed his motion to intervene as a plaintiff in this case in order to pursue Ms. Trent's claim for the benefit of her creditors (Docket Entry No. 264).

   6. <u>Alana McEwen</u>. Ms. McEwen filed a voluntary Chapter 7 petition on October 14, 2005, and did not disclose her claim in this case in her bankruptcy filings. She was granted a discharge

7

on December 4, 2006 (Docket Entry No. 261-7). From the record it appears that Ms. McEwen started work for defendant On-Call Staffing, Inc. on September 19, 2005, less than one month before filing her bankruptcy petition. It further appears that the amount of overtime pay she claims in this case would have amounted to approximately $185.00 on October 14, 2005, when she filed her bankruptcy petition (Docket Entry No. 268-2). Her bankruptcy trustee, Eva Marie Lemeh, has testified by declaration that the amount of $185.00 would probably have been within the exemptions allowed to Ms. McEwen and, therefore, that she would have been allowed to retain this amount, and, in any event, this amount of money is so small that the cost of reopening her bankruptcy would exceed the benefit to her creditors.

The undersigned Magistrate Judge finds that, in each of the foregoing six cases, for different reasons, the facts to not justify the application of the doctrine of judicial estoppel to these plaintiffs' claims. Although each of these plaintiffs failed to disclose the claim in this lawsuit when filing a petition in bankruptcy, none has gained, or will ultimately gain, an unfair advantage that will undermine the integrity of the judicial process. In the cases of Ms. Bain, Ms. Garrett, Mr. Sawyer, and Ms. Trent, amended schedules have been filed in their bankruptcies and the respective trustees intend to pursue their claims for the benefit of their creditors. Ms. Johnson's bankruptcy petition was

8

dismissed voluntarily without relief or other benefit to her. Finally, the amount of money at issue in Ms. McEwen's case was so small that she likely would have been allowed to keep it had it been scheduled. None of these plaintiffs has "gotten away with anything" so as to damage the integrity of the legal process. Moreover, if these plaintiffs are ultimately successful in prosecuting their claims, the application of judicial estoppel here would deliver a windfall to defendants and an injury to innocent creditors in plaintiffs' bankruptcy proceedings.

For the foregoing reasons, the undersigned Magistrate Judge finds that defendants' motion to disqualify and/or for partial summary judgment (Docket Entry No. 260) should be denied, and that Michael Gigandet's motion to intervene (Docket Entry No. 264) should be granted.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion to disqualify and/or for partial summary judgment be **DENIED**, and that Michael Gigandet's motion to intervene be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections

9

filed in this Report in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

      **ENTERED** this 31st day of August 2009.

                                            s/ John S. Bryant
                                            JOHN S. BRYANT
                                            United States Magistrate Judge