**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| JUDY CROUCH, CHERYL HUFF, ERIC THREADGILL, REBECCA BLACKBURN, SHAUNA HENSLEY, PAT PLASKETT, PATTY MASON, ELONDA LAYNE, LISA JOHNSON, ANTHONY QUINN, JENNIFER FRALE, BRANDY ROHWEDER, SHERRY ABSTON, JOYCE BARNARD, VICKI BEATY, ZORA BOSWELL, MICHAEL CONATSER, SANDY CONATSER, SHELIA EMBERTON, JAMMIE GOFF, TAMMY LIPSCOMB, LARRY MCDONALD, REBECCA MILLER, LINDA NASH, NANCY NEXBITT, RICHARD PHILLIPS, MARY REAGAN, RICHARD REAGAN, GINA RODDY, LAKEISHA SANDERS, KAREN STAFFORD, MARTI STAFFORD, JANICE TRENT, MARY WALKER and FELISA WRIGHT on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )     Civil Action No. 3:07-cv-00541 ) |
| GUARDIAN ANGEL NURSING, INC., a Tennessee corporation; GUARDIAN ANGEL NURSING, INC., a Mississippi corporation; ON-CALL STAFFING OF TENNESSEE, INC. d/b/a LEAWOOD, INC.; ON-CALL STAFFING, INC. d/b/a LEAWOOD, INC.; LEAWOOD, INC.; QUALITY CARE HOME HEALTH AGENCY, INC., a Tennessee corporation; E.L. "Lee" GARNER, JR., and E.L. "Lee" GARNER, III, | )     Judge Thomas A. Wiseman, Jr. ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

<u>**MEMORANDUM OPINION – DEFENDANTS' MOTION TO DISMISS**</u>

In this action, Plaintiffs seek recovery under the Fair Labor Standards Act for overtime pay and liquidated damages, among other relief. They also purport to assert claims under state law for unjust enrichment and conversion, for which they seek compensatory and punitive damages. (See Am. Compl., Doc. No. 41.) This matter has recently been assigned to the undersigned with a number of long-ripe motions pending, including a Motion to Dismiss and/or for Summary Judgment (Doc. No. 50) filed by or on behalf of Guardian Angel, Inc., a Tennessee corporation; Guardian Angel, Inc., a Mississippi

corporation; On-Call Staffing of Tennessee, Inc., d/b/a Leawood, Inc.; and On-Call Staffing, Inc. (collectively referenced herein as "Defendants").[1]  This motion seeks dismissal of the Plaintiffs' complaint on the grounds that (1) venue is improper in this Court in light of the forum selection clause contained in some of the Independent Contractor Agreements entered into by each of the individual Plaintiffs; (2) each Plaintiff was an independent contractor rather than "employee" covered by the overtime provisions of the Fair Labor Standards Act; and (3) Plaintiffs have failed to state a claim upon which relief can be granted for unjust enrichment or conversion.[2]

With respect to the Defendants' motion, the Court finds, for the reasons explained herein, that (1) Defendants have not established that dismissal (or transfer) on the basis of improper venue is warranted; and (2) the Court declines to convert the motion to dismiss the Fair Labor Standards Act claims into a motion for summary judgment as to those claims, and further finds that Plaintiffs have stated a claim for violations of the Fair Labor Standards Act irrespective of the existence of contracts in which they purported to agree to Defendants' characterization of them as independent contractors rather than "employees" covered by the Act.  The motion to dismiss the Fair Labor Standards Act claims on those grounds will therefore be denied.  Insofar as Defendants seek dismissal of Plaintiffs' state-law claims for unjust enrichment and conversion based upon Defendants' failure to pay the employer's share of Plaintiffs' FICA taxes, however, the Court finds the motion to be meritorious on the basis that the state-law claims are preempted by federal tax law.  The motion will be granted in part as to Plaintiffs' state-law claims.

---

[1] At the time this motion was filed, these were the only Defendants that had actually been served with the Complaint.  (*See* Doc. No. 51, at 2.)

[2] In the alternative, the Defendants also assert that the complaint should be dismissed due to a pre-existing FLSA lawsuit filed in a parallel action also pending in the United States District Court for the Middle District of Tennessee, *Wilson et al. v. Guardian Angel Nursing et al.*, No. 3:07-cv-0069, which has also been reassigned from Judge Nixon to the undersigned.  Although the Defendants assert the existence of the other case as a basis for dismissal of this suit, they further specify that this suit should "not be allowed to proceed until there is a ruling in the first lawsuit on the issue of whether a collective class action is appropriate or inappropriate."  (Doc. No. 51, at 12.)  That basis for the Defendants' motion has been rendered moot by Judge Nixon's orders in *Wilson* granting the motion to certify a class and later denying the Defendants' motion to reconsider.  The existence of the *Wilson* case does not help the Defendants here.

# I.     ANALYSIS AND DISCUSSION

## A.     The Venue Issue

### *(1)     Standard of Review*

Defendants challenge venue on the basis of a forum-selection clause contained in some of the independent contractor agreements signed by the Plaintiffs in this action.  The asserted procedural basis for the motion is Rule 12(b)(3) of the Federal Rules of Civil Procedure.  (Doc. 51, at 4–5.)

A party may move to dismiss an action when a case has been filed in an improper venue.  Fed. R. Civ. P. 12(b)(3).  Although Rule 12(b)(3) permits a party to move to dismiss where venue is improper, "the rules of Civil Procedure do not contain any venue provisions or requirements."  *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 538 (6th Cir. 2002).  Rather, the requirements for venue are set forth by statute.  *Id.*  Plaintiffs' claims are brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, which does not contain its own venue provision.  Venue is therefore governed by 28 U.S.C. § 1391, which pertains to actions filed originally in federal court.  Generally speaking, the plaintiff bears the burden of showing venue is proper.  The district court must accept the plaintiff's well-pleaded factual allegations regarding venue as true, draw all reasonable inferences from those allegations in the plaintiff's favor, and resolve any factual disputes in the plaintiff's favor.  *El v. Belden*, 360 F. Supp. 2d 90, 92 (D.D.C. 2004).

In the present case, there is no dispute that Plaintiffs have nominally satisfied their obligation to plead facts establishing that venue in the Middle District of Tennessee is appropriate under 28 U.S.C. § 1391(b), which applies to civil actions raising a federal question.  Defendants' motion to dismiss on the basis of improper venue, however, is premised upon the existence of a forum-selection clause found in certain contractor agreements Defendants claim "governed all aspects of [Plaintiffs'] working relationship" with the Defendants.  (Doc. No. 51, at 4.)  In support of their motion, Defendants have attached the Affidavit of Elizabeth Tietsworth, Office Manager for defendant On-Call Staffing of Tennessee, Inc., to which is attached a copy of the Independent Contractor Agreement signed by Plaintiff Lisa Johnson. (Doc. No. 51-1.)  Tietsworth attests in the Affidavit that at least ten of the other named Plaintiffs signed contractor agreements containing an identical forum-selection clause.

Plaintiffs, who have had ample opportunity to provide evidentiary support for their opposition to

the motion to dismiss on the basis of venue, contest the credibility and admissibility of the Tietsworth Affidavit on a number of grounds, and they also argue that the contracts in question are unenforceable for insufficient "definiteness." Plaintiffs, however, do not dispute the authenticity of the contract attached to the Tietsworth Affidavit, nor do they dispute that the Contractor Agreement signed by some of the named Plaintiffs referenced in Defendants' motion actually contained a forum-selection clause providing that any suit "to enforce any provision of [the Agreement]" shall be brought in Mississippi. Because that fact is undisputed, and because the Court finds that it is the only material fact relevant to the Defendants' motion to dismiss on the basis of improper venue, the Court will take that evidence into consideration in ruling upon Defendants' motion as it pertains to venue.[3]

### (2) *Defendants Have Not Established that Venue in this Forum Is Improper.*

The specific clause in the Contractor Agreement upon which Defendants rely states in pertinent part: "Guardian Angel and Contractor hereby agree that any action *to enforce any provision of this Agreement* shall be brought only in a state or federal court located in or having jurisdiction over Panola County, Mississippi, and hereby consent to the jurisdiction of such courts." (Doc. No. 51, at 4 (emphasis added).)

Without regard to Plaintiffs' other arguments in opposition to Defendants' motion to dismiss on the basis of the improper forum, the fatal flaw in the Defendants' position is that Plaintiffs here have not brought suit to enforce any provision of the contractor agreements. Rather, in their Amended Complaint (Doc. No. 41) they assert violations of the FLSA based on the Defendants' failure to pay overtime wages, as well as state-law claims for unjust enrichment and conversion based primarily on Defendants' failure to pay the employer's share of the Federal Insurance Contribution Act ("FICA") taxes on each Plaintiff's gross wages, thus obliging Plaintiffs to pay their own FICA taxes.

Generally speaking, the question of whether a forum-selection clause that by its terms applies only to the interpretation or enforcement of a contract also applies to non-contract claims "depends on

---

[3] Rule 12(d) of the Federal Rules of Civil Procedure specifically provides: "If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The rule does not expressly contemplate the conversion of a Rule 12(b)(3) motion to dismiss into one for summary judgment upon consideration of matters outside the pleadings; under the circumstances presented here, the Court does not find it necessary to address specifically the question of whether the motion to dismiss on the basis of improper venue must be deemed a Rule 56 motion.

whether resolution of the claims relates to interpretation of the contract." *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (enforcing forum-selection clause where tort claims at issue "cannot be adjudicated without analyzing whether the parties were in compliance with the contract"), *cited in Travelers Prop. Cas. Co. of Am. v. Centimark, Corp.*, No. 2:04-CV-0916, 2005 WL 1038842, at *2 (S.D. Ohio May 3, 2005). The case at bar does not present a situation in which the plaintiffs have engaged in the "artful pleading of [tort] claims" in the context of a contract dispute in order to avoid a forum-selection clause. *Cf. Lambert v. Kysar*, 983 F.2d 1110, 1121 (1st Cir. 1993) (rejecting plaintiff's attempt to "escape the consequences of the parties' forum selection merely by alleging tortious conduct relating to the formation (rather than the performance) of their contract") (quoting *Pascalides v. Irwin Yacht Sale N., Inc.*, 118 F.R.D. 298, 301 (D.R.I. 1988)). Nor is the question of whether Plaintiffs here should be characterized as employees or as contractors for FLSA purposes dependent upon the interpretation or validity of the contracts that purport to govern their relationship with Defendants. Finally, Defendants' attempt to rely upon the contracts in support of their argument that Plaintiffs should be considered independent contractors rather than employees does not serve to make the Plaintiffs' claims subject to the forum-selection clause contained in the contractor agreements. *Cf. Snider v. Lone Star Art Trading Co., Inc.*, 672 F. Supp. 977, 979 (E.D. Mich. 1987) (denying motion to reconsider order refusing to give effect to forum-selection clause where "the scope of the [forum] selection clause with one defendant clearly did not encompass a RICO action against multiple defendants").

In sum, resolution of Plaintiffs' claims does not require interpretation of the contract. The motion to dismiss the Plaintiffs' claims on the basis of the forum-selection clause will therefore be denied.

**B.      The Employee v. Contractor Issue**

Defendants do not identify the procedural basis for their motion to dismiss "and/or for summary judgment" as to the Plaintiffs' FLSA claims. In the body of their memorandum in support of the motion, originally filed in July 2007, Defendants do not reference the sufficiency of the allegations in the Amended Complaint. Instead, they argue that Plaintiffs are not "employees" for purposes of the FLSA based upon the specific factual circumstances, and they rely upon evidentiary materials outside the pleadings, namely one affidavit from an employee of one of the Defendants and a copy of one of the Independent Contractor Agreements executed by one of the named Plaintiffs. Much later, in March 2008, Defendants filed a

"Supplement" to their motion (Doc. No. 178) that purports to incorporate into their original motion their Response to Plaintiffs' Statement of Material Facts (Doc. No. 179) and various other documents filed in connection with and in response to the Plaintiffs' first Motion for Partial Summary Judgment (Doc. No. 141). Evidently, Defendants intended for their motion to be considered under Rule 56 of the Federal Rules of Civil Procedure.

The Court nonetheless declines to consider the Defendants' motion to dismiss the Plaintiffs' FLSA claims as one for summary judgment instead of as a motion to dismiss based solely on the allegations contained in the Amended Complaint. This decision is premised primarily upon the Defendants' failure to comply with the local rules pertaining to motions for summary judgment, in particular, the requirement that the movant file a statement of undisputed material facts along with its motion, with reference to the factual record in support of each statement. As indicated above, Plaintiffs have now filed their own motion for partial summary judgment which has been completely—even exhaustively—briefed in accordance with the federal and local rules. Although Plaintiffs' motion likewise addresses the principal issue raised here, that is, whether Plaintiffs should be characterized as employees instead of independent contractors, in light of the differences between the standards of proof applicable to the competing motions brought by opposing parties, the Court finds that it will not further the objectives of judicial efficiency to consider the two motions concurrently, nor to consider the present motion as one for summary judgment.[4]

Considered under Rule 12(b)(6), Defendants' motion to dismiss Plaintiffs' FLSA claims also fails. Plaintiffs have clearly stated a claim under the FLSA, and Defendants have not even attempted to argue to the contrary. Further, the Sixth Circuit, like every other court that has considered the issue, has explicitly recognized that the existence of a contract, like the Independent Contractor Agreement signed by each of the Plaintiffs in this action and which purports to characterize Plaintiffs as independent contractors, is not dispositive of the question of whether an employment relationship exists, as "[t]he

---

[4] Concurrently with this Memorandum, the Court issues another Memorandum Opinion and Order granting Plaintiffs' motion for judgment in their favor as to the same issue. To reach that conclusion, the Court was obliged to view the facts in the light most favorable to the Defendants as non-movants. As should be evident from that ruling, even if the Court were to consider Defendants' motion as one for summary judgment, the Court would be required to view the facts in the light most favorable to the Plaintiffs, which would inevitably result in denial of Defendants' motion for summary judgment.

FLSA is designed to defeat rather than implement contractual arrangements." *Imars v. Contractors Mfg. Servs., Inc.*, 165 F.3d 27 (Table), 1998 WL 598778, at *5 (6th Cir. Aug. 24, 1998) (quoting *Sec'y of Labor v. Lauritzen*, 835 F.2d 1529, 1544–45 (7th Cir. 1987); and citing *Real v. Driscoll Strawberry Assoc.*, 603 F.2d 748, 755 (9th Cir.1979) ("Economic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA.")).  Defendants' motion to dismiss Plaintiffs' FLSA claims is therefore without merit and will be denied.

  **C. The Viability of Plaintiffs' State-Law Claims**

  Plaintiffs' Amended Complaint purports to assert causes of action for unjust enrichment and conversion based upon (1) Defendants' failure to pay Plaintiffs regular wages for travel time that occurred when Plaintiffs completed a shift and left a patient's home and immediately traveled to another patient's home for additional shift work (which Plaintiffs also assert violated the portal-to-portal provisions of the FLSA); and (2) Defendants' failure to pay the employer's share of Plaintiffs' Federal Insurance Contribution Act ("FICA") taxes on each Plaintiff's gross wages, thus obliging Plaintiffs to pay their own FICA taxes.  (Am. Compl. ¶¶ 30–33.)  Defendants argue that these claims are subject to dismissal because:  (1) Plaintiffs acknowledged in their contractor agreements that they were independent contractors rather than employees and were therefore not entitled to compensation and benefits normally available to and typically conferred upon "employees," and expressly disavowed any property interest in such benefits and compensation; (2) unjust enrichment is a theory of implied contract, rendered unavailable to Plaintiffs by virtue of the existence of express contracts—the contractor agreements—governing the terms of Plaintiffs' working relationship with Defendants; and (3) Plaintiffs are not the intended beneficiary of the FICA tax and therefore cannot assert causes of action under any theory to recover moneys they paid into the federal government under FICA.

  Because, as discussed in the Courts' contemporaneously filed ruling on Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 141) Plaintiffs were improperly classified as independent contractors, dismissal of their state-law claims on the grounds that they signed contracts agreeing they should be deemed independent contractors and therefore were not entitled to the benefits available to and conferred upon "employees" by law is not warranted.  With respect specifically to Plaintiffs' state-law claims based upon Defendants' failure to pay them wages for the time they spent traveling from one

patient's home to the next patient's home, Defendants assert no other basis for dismissal. The Court will therefore deny the motion to dismiss the state-law claims based on the alleged failure to pay wages for time spent traveling between patients' homes.[5]

With respect to the Plaintiffs' state-law claims premised upon the Defendants' failure to pay the employer's portion of their FICA taxes, however, the Court agrees with Defendants that these claims must be dismissed. Plaintiffs allege that Defendants' collective classification of Plaintiffs as independent contractors rather than as employees, and their attendant failure to pay the employer's share of a matching 7.65% of all the Plaintiffs' wages (or half of the FICA withholding) caused Plaintiffs to have to pay that sum themselves, thereby resulting in a windfall to the Defendants, and a loss to the Plaintiffs, in the amount of 7.65% of all the Plaintiffs' wages for the time period covered by the Complaint. Plaintiffs insist that they are not bringing their claim "under" FICA, since they seek damages directly from the Defendants to recover the amount by which the Defendants have been unjustly enriched. They also assert, in response to Defendants' motion, that other courts have countenanced recovery under such theories. The *only* case cited by Plaintiffs in support of the viability of their claims, however, is *Washington v. Fred's Stores Of Tenn., Inc.*, 427 F. Supp. 2d 725, 729 (S.D. Miss. 2005), in which the court held that the plaintiffs' state-law conversion claims, based on the defendant's failure to remit federal and state withholding taxes to the government on overtime compensation due to the plaintiffs, were not preempted by the *FLSA*, in part because the state-law claims did not "directly overlap with the claim under FLSA." The court there was apparently not called upon to consider, and certainly did not address, the question of whether the claims were preempted by FICA. Defendants here have not asserted that

---

[5] Defendants have not raised the issue of whether these state-law claims to recover unpaid wages, which are essentially duplicative of claims made under the FLSA, are preempted by the FLSA. Preemption, however, would deprive the Court of subject-matter jurisdiction of the claims, *Espinosa v. Norfolk & W. Ry. Co.*, 750 F. Supp. 819, 827 (E.D. Mich. 1990), and it is therefore a matter that may be raised any time, even *sua sponte* by the Court. *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 257 (6th Cir. 1994). The Fourth Circuit recently concluded that claims such as those at issue here are preempted by the FLSA. *See Anderson v. Sara Lee Corp.*, 508 F.3d 181, 193 (4th Cir. 2007) (holding that state-law claims based on the same set of facts supporting FLSA claims are preempted). Other courts have reached the opposite conclusion. *See, e.g., Robertson v. LTS Mgmt. Servs. LLC*, --- F.Supp.2d ----, 2008 WL 4559883, at * 4–*5 (W.D. Mo. Oct. 9, 2008) (noting that *Anderson* represents the minority view, and holding that duplicative state-law claims are not necessarily preempted by the FLSA). The Sixth Circuit has not addressed the issue. Because the question is not dispositive of any substantive matter at this point, the Court will not at this juncture address the preemption question, but instead uses this opportunity to alert the parties of the possible necessity of addressing it in the future.

Plaintiffs' claims are preempted by the FLSA, but by federal tax law.

The Sixth Circuit has not been called upon to address this issue. Those few courts that have done so with any degree of depth have overwhelmingly come down on the side of preemption, regardless of whether the claims at issue are asserted directly under FICA or are framed as state-law claims to recover moneys owed directly to the plaintiffs by the defendant-employers as a result of their failure to pay their share of FICA taxes. For instance, in *Umland v. PLANCO Financial Services, Inc.*, 542 F.3d 59 (3d Cir. 2008), the plaintiff alleged that the defendant had incorrectly classified her and others similarly situated as independent contractors rather than as employees during a specific timeframe. As a result of that wrongful classification, the plaintiff had been required to pay 15.3 percent of her income to cover her FICA (actually the Self-Employment Contribution Act ("SECA"), *see* 26 U.S.C. § 1401) contribution, instead of the 7.65 percent of her salary she would have had to pay if she had been correctly classified as an employee. *See 26* U.S.C. § 3101. The plaintiff sought to recover the amounts she, instead of the defendant, had paid as a result of her erroneous classification as an independent contractor, under common-law theories of unjust enrichment and breach of contract. Defendant argued, among other defenses, that federal tax law preempted plaintiff's state-law claims.

On appeal, the Third Circuit affirmed the district court's dismissal of plaintiff's unjust enrichment and breach of contract claims, finding specifically that those state-law claims for damages were preempted by IRS regulations. *Umland*, 542 F.3d at 65 (citing *Fidelity Fed. Savs. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982) ("Federal regulations have no less pre-emptive effect than federal statutes.")). To reach that conclusion, the court first observed that state law is "pre-empted to the extent that it actually conflicts with federal law." *Fasano v. Fed. Reserve Bank of N.Y.*, 457 F.3d 274, 280 (3d Cir. 2006) (quoting *English v. Gen. Elec. Co.*, 496 U.S. 72, 79 (1990)). The Supreme Court has noted that state law actually conflicts with federal law where it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* Another way that state law might impede Congress's goals, however, is through "[i]nterference with a comprehensive administrative scheme," *Umland*, 542 F.3d at 64 (citing *C.E.R.1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 265 (3d Cir. 2004)), such as, for example, the Internal Revenue Service's "administrative procedures that have been expressly created in order to assist workers who feel that they have been assessed improper

FICA taxes," and to "resolv[e] disputes over proper classification of employees and independent contractors." *McDonald v. S. Farm Bureau Life Ins. Co.*, 291 F.3d 718, 725 (11th Cir. 2002).[6]

In fact, as the defendant pointed out in *Umland*, the IRS's administrative scheme permits an employee to request that the IRS determine whether she is an employee or an independent contractor by filing an IRS Form SS-8: Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding, OMB No. 1545-0004 (Rev. Nov. 2006).[7] The plaintiff in *Umland*, like, apparently, most of the Plaintiffs here, did not file a form SS-8, make an administrative claim for a refund of self-employment taxes pursuant to 26 U.S.C. § 6511(a), nor institute a tax refund suit against the Government under 28 U.S.C. § 1346.

The Third Circuit, referencing *McDonald*'s holding that Congress did not intend for FICA to create a private right of action, likewise concluded that the "existence of federal administrative remedies for the alleged misclassification as independent contractor, established by Congress, also suggests that Congress intended the administrative remedies to preempt state-law claims." *Umland*, 542 F.3d at 65. The Third Circuit affirmed the dismissal of the state-law claims as preempted, noting that "permitting [plaintiff's] suit to proceed . . . would interfere with the IRS's administrative scheme for handling such disputes. . . . Individuals would have less incentive to follow IRS procedures if they could simply bring common-law claims for misclassification as an independent contractor in state court (or in federal court sitting in diversity)." *Id.* at 65 (citations omitted).

---

[6] In *McDonald*, the plaintiff had been classified by the defendant as an independent contractor rather than as an employee. Plaintiff brought suit on behalf of himself and others similarly situated, asserting five state common-law causes of action and two federal claims based upon the wrongful classification as independent contractors. The first of the federal claims alleged that the defendant had violated FICA by misclassifying him as an independent contractor and failing to pay its share of his and the other class members' FICA taxes as required by federal law, and requiring the plaintiffs to pay the taxes themselves. The second claim sought a declaratory judgment that plaintiff and the class were common-law employees and therefore liable only for the employee portion of the FICA tax. The state law claims included claims for unjust enrichment and money had and received, among others. The Eleventh Circuit affirmed the district court's dismissal of the suit on the grounds that FICA did not create a private right of action. *Cf. Salazar v. Brown*, 940 F. Supp. 160 (W.D. Mich. 1996) (holding that there is no statutory cause of action under FICA that an employee can bring against an employer for nonpayment of FICA taxes). The court then declined to exercise supplemental jurisdiction over the remaining state-law claims after all the federal claims were dismissed. Consequently, neither the Eleventh Circuit nor the Western District of Michigan reached the precise issue presented both in the present case and in *Umland*: whether state-law claims based upon a failure to pay FICA taxes are preempted by federal tax law.

[7] Available at http://www.irs.gov/pub/irs-pdf/fss8.pdf (last visited Oct. 18, 2009).

Similarly, the Western District of Michigan has held that a plaintiff seeking "restitution" of tax payments the plaintiff made under SECA, but which would have been made by the employer under FICA if the plaintiff had been treated as an employee, had "no recognized legal basis for recovering tax payments from the [d]efendants." *McElwee v. Wharton*, 19 F. Supp. 2d 766, 771 (W.D. Mich. 1998). In *McElwee* too, the plaintiff proceeded under an "equitable theory" rather than directly under a statute, whether SECA or FICA. The court there found that there was "no need to recognize an equitable right for restitution as to federal employment taxes" in light of other available legal remedies, namely the plaintiff's ability to urge the IRS to enforce the legal obligations of the employer to pay the taxes, the ability to file an administrative claim for a refund from the IRS under 26 U.S.C. § 6511(a), and the ability to file suit under 28 U.S.C. §1345(a) in the event the request for a refund is denied. *McElwee*, 19 F. Supp. 2d at 771.

This Court concurs with the reasoning of the Third Circuit and the Western District of Michigan. As a matter of common sense, the appropriate avenue of redress for overpayment or erroneous payment of taxes is to appeal directly to the IRS as the party who received the overpayment. The Court will therefore grant the motion to dismiss the Plaintiffs' state-law claims seeking to recover as damages any amounts Plaintiffs overpaid in FICA or SECA taxes as a result of having been classified as independent contractors rather than as employees.

IV.     **CONCLUSION**

For the reasons set forth herein, Defendants' motion will be denied in part and granted in part. An appropriate Order will enter.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge