IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUDY CROUCH, CHERYL HUFF, ERIC THREADGILL, REBECCA BLACKBURN, SHAUNA HENSLEY, PAT PLASKETT, PATTY MASON, ELONDA LAYNE, LISA JOHNSON, ANTHONY QUINN, JENNIFER FRALE, BRANDY ROHWEDER, SHERRY ABSTON, JOYCE BARNARD, VICKI BEATY, ZORA BOSWELL, MICHAEL CONATSER, SANDY CONATSER, SHELIA EMBERTON, JAMMIE GOFF, TAMMY LIPSCOMB, LARRY MCDONALD, REBECCA MILLER, LINDA NASH, NANCY NEXBITT, RICHARD PHILLIPS, MARY REAGAN, RICHARD REAGAN, GINA RODDY, LAKEISHA SANDERS, KAREN STAFFORD, MARTI STAFFORD, JANICE TRENT, MARY WALKER and FELISA WRIGHT on behalf of themselves and all others similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> GUARDIAN ANGEL NURSING, INC., a Tennessee corporation; GUARDIAN ANGEL NURSING, INC., a Mississippi corporation; ON-CALL STAFFING OF TENNESSEE, INC. d/b/a LEAWOOD, INC.; ON-CALL STAFFING, INC. d/b/a LEAWOOD, INC.; LEAWOOD, INC.; QUALITY CARE HOME HEALTH AGENCY, INC., a Tennessee corporation; E.L. "Lee" GARNER, JR., and E.L. "Lee" GARNER, III, <br><br>     Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Civil Action No. 3:07-cv-00541 <br><br>Judge Thomas A. Wiseman, Jr. |

**ORDER**

In this action, the named Plaintiffs, all licensed practical nurses ("LPNs"), on behalf of themselves and others similarly situated,[1] seek recovery under the Fair Labor Standards Act ("FLSA") for overtime pay and liquidated damages, among other relief. (See Am. Compl., Doc. No. 41.) Presently before the Court are two motions for partial summary judgment filed by the Plaintiffs. The first (Doc. No. 141) seeks

---

[1] Approximately thirty-five plaintiffs were named in the Amended Complaint (Doc. No. 41) filed on June 27, 2007. Since then, Plaintiffs' counsel have filed a "Consent to Become a Party Plaintiff" for more than one hundred additional LPNs. Plaintiffs' motion to certify a class remains pending but at this point it is unclear whether that motion has been rendered moot.

judgment in favor of the Plaintiffs on the issues of (1) whether Plaintiffs are employees of the Defendants rather than independent contractors for purposes of the FLSA, thereby entitling them to overtime pay; and (2) whether under the joint-enterprise and/or operational-control theories any and all Defendants are the Plaintiffs' employers and therefore jointly and severally liable for any damages to Plaintiffs prove they are entitled. The second motion (Doc. No. 182), seeks judgment in Plaintiffs' favor on the questions of (1) whether Defendants must be deemed to have acted with a lack of good faith in failing to comply with the FLSA, such that they will be obligated to pay liquidated damages along whether whatever damages for which they may be liable under the statute; and (2) whether Defendants acted willfully, such that a three-year statute of limitations applies to the Plaintiffs' claims, rather than the two-year period that would otherwise be applicable.

For the reasons explained in the contemporaneously filed Memorandum Opinion, the Court finds that: (1) Plaintiffs are employees rather than independent contractors for purposes of the FLSA; (2) there are no material issues of disputed fact as to whether Defendants Guardian Angel Nursing, Inc., a Tennessee corporation, Guardian Angel Nursing, Inc, a Mississippi corporation, On-Call Staffing of Tennessee, Inc., On-Call Staffing, Inc. and E.L. Garner, Jr. should be held jointly and severally liable in this case, but material issues of fact preclude judgment as a matter of law as to the joint and several liability of the remaining Defendants, namely Lee Garner, III and Quality Care Home Health Agency, Inc.; (3) based upon the undisputed facts, Defendants cannot show that they acted in good faith in attempting to comply with the FLSA; and (4) based on the undisputed facts, Defendants' violation of the FLSA was willful.

Accordingly, Plaintiffs' first motion for partial summary judgment (Doc. No. 141) is therefore **GRANTED IN PART AND DENIED IN PART**. Specifically, summary judgment as to the joint and several liability of Lee Garner, III and Quality Care Home Health is **DENIED** but the motion is **GRANTED** in all other respects. The second motion for partial summary judgment (Doc. No. 182) is **GRANTED**.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge