IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUDY CROUCH, CHERYL HUFF, ERIC THREADGILL, REBECCA BLACKBURN, SHAUNA HENSLEY, PAT PLASKETT, PATTY MASON, ELONDA LAYNE, LISA JOHNSON, ANTHONY QUINN, JENNIFER FRALE, BRANDY ROHWEDER, SHERRY ABSTON, JOYCE BARNARD, VICKI BEATY, ZORA BOSWELL, MICHAEL CONATSER, SANDY CONATSER, SHELIA EMBERTON, JAMMIE GOFF, TAMMY LIPSCOMB, LARRY MCDONALD, REBECCA MILLER, LINDA NASH, NANCY NEXBITT, RICHARD PHILLIPS, MARY REAGAN, RICHARD REAGAN, GINA RODDY, LAKEISHA SANDERS, KAREN STAFFORD, MARTI STAFFORD, JANICE TRENT, MARY WALKER and FELISA WRIGHT on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GUARDIAN ANGEL NURSING, INC., a Tennessee corporation; GUARDIAN ANGEL NURSING, INC., a Mississippi corporation; ON-CALL STAFFING OF TENNESSEE, INC. d/b/a LEAWOOD, INC.; ON-CALL STAFFING, INC. d/b/a LEAWOOD, INC.; LEAWOOD, INC.; QUALITY CARE HOME HEALTH AGENCY, INC., a Tennessee corporation; E.L. "Lee" GARNER, JR., and E.L. "Lee" GARNER, III, <br><br> Defendants. | Civil Action No. 3:07-cv-00541 <br><br> Judge Thomas A. Wiseman, Jr. |

## FINAL JUDGMENT

In this action, the Plaintiffs, all licensed practical nurses ("LPNs"), seek recovery under the Fair Labor Standards Act ("FLSA") for overtime pay and liquidated damages, among other relief. (See Am. Compl., Doc. No. 41.) This Court previously entered an Order (Doc. No. 294) granting in part Plaintiffs' first motion for partial summary judgment (Doc. No. 141) specifically on the issues of (1) whether Plaintiffs are employees of the defendants rather than independent contractors for purposes of the FLSA, and thus

entitled to overtime pay; and (2) whether defendants Guardian Angel Nursing, Inc., a Mississippi corporation; Guardian Angel Nursing, Inc., a Tennessee corporation; On-Call Staffing, Inc., On-Call Staffing of Tennessee, Inc., and E.L. Garner, Jr. are or were the Plaintiffs' "employers" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and therefore jointly and severally liable for any damages to which Plaintiffs establish they are entitled. The Court denied the motion for partial summary judgment insofar as Plaintiffs sought to hold defendants Lee Garner, III and Quality Care Home Health Agency, Inc. jointly and severally liable for the FLSA violations, on the basis that material factual disputes precluded judgment as a matter of law as to whether those defendants may properly be characterized as the Plaintiffs' "employers."[1]

A bench trial was conducted on December 15, 2009 to resolve those issues of disputed fact. Based upon the testimony of witnesses who testified live at trial as well as on the basis of deposition testimony, exhibits entered into evidence and the record as a whole, the Court finds, as discussed below, that Plaintiffs failed to establish a factual basis for liability on the part of defendant Quality Care Home Health Agency, Inc., but that defendant Lee Garner, III should be held jointly and severally liable with the other defendants for the FLSA violations established by Plaintiffs.

More specifically, as previously explained by the Court in the Memorandum Opinion entered November 4, 2009 (Doc. No. 293), the FLSA defines "employer" very broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); see Dole v. Elliot Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991). Based upon that definition, the Sixth Circuit has held that more than one "employer" can be simultaneously responsible for FLSA obligations. Dole, 942 F.2d at 965. "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.' " Id. (quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983)).

---

[1] The Court also granted Plaintiffs' second motion for partial summary judgment, finding in Plaintiffs' favor on the questions of (1) whether defendants acted with a lack of good faith in failing to comply with the FLSA, such that they will be obligated to pay liquidated damages along whether whatever damages for which they may be liable under the statute; and (2) whether defendants acted willfully, such that a three-year statute of limitations applies to the Plaintiffs' claims, rather than the two-year period that would otherwise be applicable.

In determining whether an individual may be jointly and severally liable with a corporate employer under the FLSA, courts are to focus on the "economic realities presented by the facts of each case." *Dole*, 942 F.2d at 965 (quoting *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 195 (5th Cir.), *cert. denied*, 463 U.S. 1207 (1983)). No one factor is dispositive, so resolution of the question cannot rest simply upon the existence of a significant ownership interest or the title of the position held by the person the plaintiffs seek to hold responsible. The Sixth Circuit has focused instead upon the degree of an individual's "operational control of significant aspects of the corporation's day to day functions . . . and who personally made decisions" regarding the corporation's direction. *Id.*

In the present case, defendant Lee Garner, III argues that, although he was the sole shareholder and president of On-Call Staffing, he was not involved in the day-to-day operations of the business until the summer of 2006 when he began working in the Memphis office. He also testified he did not begin receiving a paycheck from On-Call until sometime in 2007 and has never had any involvement with On-Call Staffing outside the Memphis area. Lee Garner, III further asserted that he was not involved in scheduling or overseeing the LPNs, in preparing the packet of materials they receive upon hire, or setting their rates of pay. Rather, he claimed, he paid the LPNs working out of the Memphis office the rates that had been previously set by his father, E.L. Garner, Jr. On the basis of this testimony, defendants argue that Lee Garner, III did not exert sufficient operational control of significant aspects of the corporation's day-to-day functions or personally make decisions that led to the FLSA violations and therefore cannot be considered an "employer" for purposes of the FLSA.

This Court, however, does not fully credit Lee Garner, III's testimony, which was entirely self-serving and somewhat disingenuous. The Court concludes, based upon other evidence in the record, that Lee Garner, III has minimized the degree to which he was involved. Specifically, E.L. Garner, Jr. testified in his first deposition, apparently before being apprised of the law defining "employer" for purposes of the FLSA, that he set up the staffing business for the purpose of turning it over to Lee Garner, III. He agreed that Lee Garner, III, as president of On-Call, had the authority and ability to do something about it if he thought the company was out of compliance with the law. (Doc. No. 139-1, 8/24/2007 Dep. of E.L. Garner, Jr., 62:3–17.) He also asserted that after establishing the business, he himself had no role other than to provide free advice, while Lee Garner, III was "in it day-to-day" from the

beginning while he himself (E.L. Garner, Jr.) was not. (*Id.* 73:4–9, 73:25–74:8.) He testified that Lee Garner, III was the "head of the company" and had "operational control" of the business. (*Id.* 75:2–18.) To corroborate that testimony, Plaintiffs have introduced evidence indicating that many of the Plaintiffs' contracts with either On-Call or Guardian Angel were executed by Lee Garner, III on behalf of the company well before the summer of 2006. Lee Garner, III further indicated that the company possessed a stamp of his signature that was used for signing payroll checks as well as, on occasion, the LPN contracts.

On the basis of all the evidence in the record, the Court finds that, although Lee Garner, III did not solely exercise operational control, he had the authority and responsibility to do so in light of his title and interest in the business. Based upon the factual record established at trial, it is clear that Lee Garner, III exercised sufficient operational control over significant aspects of the business that he should be jointly and severally liable with the other defendants in this case for the FLSA violations established by Plaintiffs.

With respect to Quality Care, however, Plaintiffs have sought to establish that this defendant shared office space and resources with the other defendants, and that On-Call effectively ran its Tennessee operations through Quality Care's offices in Tennessee. The record is clear, however, that Quality Care is essentially a sister organization. It is a home-health agency, not a staffing agency. It did not stand in the position of either subsidiary or parent with respect to On-Call or the other staffing entities. The person who does payroll for Quality is not the same person who does payroll for On-Call. Quality Care exercises no control over how much On-Call's LPNs are paid, the selection of LPNs, or their scheduling. The fact that On-Call and Quality Care shared a few resources is not sufficient for a finding that Quality Care could be considered the Plaintiffs' "employer" and therefore jointly and severally liable with the other defendants for the Plaintiffs' damages, even under an "integrated-enterprise" theory.

In accordance with the findings referenced herein and those previously made in this case, the claims against Quality Care Home Health Agency, Inc. are hereby **DISMISSED** and **JUDGMENT** is entered in favor of that defendant.

Based upon the damages stipulated by the parties (Doc. No. 300, exhibits A and B), attached hereto and incorporated herein by reference, **JUDGMENT** is hereby entered in favor of the individual lead Plaintiffs and opt-ins and against the remaining defendants, in the amount of $1,099,259.93, plus

liquidated damages in an equal amount ($1,099,259.93) in accordance with 29 U.S.C. § 216(b), distributable consistently with the parties' stipulation. Plaintiffs will further be entitled to recover a reasonable attorneys' fee upon the filing of a properly supported motion, as well as the costs of the action, also pursuant to 29 U.S.C. § 216(b).

It is so **ORDERED**.

This is a final judgment pursuant to Fed. R. Civ. P. 58 from which an appeal may lie.

*[signature]*
Thomas A. Wiseman, Jr.
Senior U.S. District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

JUDY CROUCH, *et al.*, on behalf of )
themselves and all others similarly situated, )
)
Plaintiffs, )
)
vs. ) No. 3:07-cv-00541
) WISEMAN/BRYANT
GUARDIAN ANGEL NURSING, INC., et al., )
)
Defendants. )

## STIPULATION

Although the defendants contend that plaintiffs and all Opt-ins were at all times independent contractors and not defendants' employees within the meaning of the FLSA, and thus no overtime is due, the parties hereby stipulate to the following calculations:

1) For the three (3) year period next preceding the filing of each Consent to Become Party Plaintiff, the aggregate amount of unpaid overtime for each of the 132 plaintiffs and opt-ins who worked as licensed practical nurses for defendants is $1,099,259.93.

2) The attached Exhibit A accurately sets forth the calculated unpaid overtime hours worked by each of the 116 plaintiffs and opt-ins during the three (3) year period next preceding the filing of each Consent to Become a Party Plaintiff, derived by multiplying the number of hours worked over 40 per week by the applicable one-half regular rate of pay.

3) The attached Exhibit B accurately sets forth the calculated unpaid overtime hours worked by each of the 16 plaintiffs and opt-ins during the three (3) year period next preceding the filing of each Consent to Become a Party Plaintiff, derived by multiplying the number of hours worked over 40 per week by the applicable one-half regular rate of pay. The regular rate of pay for the nurses identified in Exhibit B includes an additional $1.88 per hour for each hour worked over 40 per week during the weeks that these nurses received call pay of $150.00 per week.

4) For the three (3) year period next preceding the filing of each respective plaintiff and/or opt-ins' filing of a Consent to Become a Party Plaintiff, as may be applicable, the calculated and unpaid portal to portal compensation due to Christin Johnson, Deborah Johnson, Pat Plaskett and Patty Mason is $4,335.50, $2,299.70, $5,409.95 and $3,525.95, respectively. This compensation is calculated to be $18.85 due on the 41st hour worked each week and every 12 hours worked thereafter during the same week. No other plaintiff or opt-in claims any earned and unpaid portal to portal compensation is due.

5) By entering into this Stipulation, defendants do not waive any of their defenses, nor do they agree or stipulate that this case is appropriate for treatment as a collective class action, nor that defendants are liable to plaintiffs or the opt-ins in any amount whatsoever.

Respectfully submitted,

/s/ **Cynthia A. Wilson**
Cynthia A. Wilson (#13145)
Madewell, Jared, Halfacre, Williams and Wilson
230 North Jefferson Avenue
Cookeville, TN 38501
(931) 526-6101
Attorneys for Plaintiffs

/s/**James L. Holt, Jr.**
James L. Holt, Jr. (#012123)
JACKSON, SHIELDS, YEISER, HOLT & SPEAKMAN
262 German Oak Drive
Cordova, TN 38018
901-754-8001
Attorneys for Defendant

Calculation Chart
Crouch et al v. Guardian Angel et al
No. 3:07-0541
*$*=Bankruptcy

| Name of Client | Unpaid Overtime | | | |
|---|---|---|---|---|
| Regina Apple (6/15/08) | 16,544.97 | | | |
| Paula Bailey | 482.37 | | | |
| Christy Leigh Bain (8/17/08)*$* | 4,866.35 | | | |
| Joyce Barnard (10/31/06) | 1,518.40 | | | |
| Alesia Bartlett (7/26/06) | 760.22 | | | |
| Vicki Lynn Beaty (5/18/08) | 26,231.99 | | | |
| Roderick Bills | 49,516.00 | | | |
| Rebecca Blackburn (3/9/08) | 13,905.62 | | | |
| Zora Boswell (6/22/08) | 1,614.94 | | | |
| Kerry Brons (5/2/07)*$* | 5,190.19 | | | |
| Stacy Brison | 0 | | | |
| Sabrina Bryson | 531.06 | | | |
| Kimberly Bunch (8/31/08) | 2,840.98 | | | |
| Vickie Campbell (5/14/08)*$* | 3,858.73 | | | |
| Jamie Caperton | 2,626.26 | | | |
| Misty Dawn Carter (6/27/07) | 3,324.16 | | | |
| Michael Conatser (5/16/07) | 14,787.31 | | | |
| Paula Crews | 0 | | | |
| Judy L. Crouch (5/3/07) | 13,253.29 | | | |
| Patsy Cunningham (5/4/08) | 3,669.90 | | | |
| Melody Cummings (4/6/08) | 7,647.28 | | | |
| Serina Davis (9/13/06) | 4,002.00 | | | |
| Vicki Delk-LaFever (4/11/07) | 9,492.55 | | | |
| Tami Denton (8/10/08) | 2,413.01 | | | |
| Michelle Dixon (5/26/08) | 5,985.89 | | | |
| Helen Dulin | 3,645.85 | | | |
| Catherine Durham (8/27/08) | 7,567.75 | | | |
| LaDonna Elder (1/23/08) | 14,794.75 | | | |
| Patricia Ellingson (10/11/06) | 1,077.23 | | | |
| Sheila Emberton (9/12/07) | 7,671.13 | | | |
| Carol Ford (3/9/08) | 18,743.43 | | | |
| Sheila Ford (5/23/07) | 2,363.03 | | | |
| Jennifer Fraley (5/18/08) | 4,929.19 | | | |
| Michelle Gayla Franks | 545.36 | | | |
| Betty Frazier (8/8/07) | 8,327.07 | | | |
| Tracy Garrett (2/6/08) *$* | 12,580.34 | | | |
| Jammie Goff (3/7/07) | 6,528.63 | | | |
| Donna Goodman (2/14/07) | 8,179.61 | | | |
| Christy Gore (8/8/07) | 7,976.03 | | | |
| Tonya Gross (8/8/07) | 5,864.30 | | | |
| Deborah Guenther (8/1/07) | 5,574.30 | | | |
| Mark Herren (7/7/08) | 10,507.64 | | | |
| Elizabeth Howard (6/6/07) | 909.55 | | | |
| Nancy Howell (8/24/08) | 807.13 | | | |
| Cheryl Huff (8/1/07) | 15,608.22 | | | |
| Pamela Huff Webb | 85.00 | | | |
| Kelly Holt (8/27/06) | 443.43 | | | |
| Angela Jenkins (8/17/08) | 3,786.49 | | | |

| Name | Amount |
|---|---|
| Deborah Johnson (9/30/07) | 13,732.83 |
| Vaneeda Jones | 3,080.57 |
| Connie Ketzner (10/21/07) | 29,573.08 |
| Wendy Kinnard (1/20/08) | 7,555.19 |
| Linda Knight (7/1/07) | 1,826.28 |
| Mary Krauter (11/11/07) | 1,387.87 |
| Ginger Lambert (4/10/05) | 7,495.22 |
| Elonda Layne (11/26/06) | 8,645.42 |
| Debra Little (8/24/08) | 10,582.29 |
| Tammy Lipscomb (8/10/08) | 5,950.28 |
| Kimberly Littrell | 4,160.94 |
| Rhonda Malone | 4,170.00 |
| Regina Menchaca | 23,525.40 |
| Penny Marston (9/7/08) | 1,494.80 |
| Imogene Martin | 4,343.45 |
| Ala Maynord (8/14/06) | 1,054.53 |
| June Maynord (11/26/06) | 435.51 |
| Christopher Maxwell (1/21/07) | 23,502.23 |
| Alana McEwen (8/10/08) | 8,956.08 |
| Larry McDonald (7/5/06) | 4,777.60 |
| Tammye McDonald (8/3/08)*$* | 4,529.99 |
| Honey Moon (1/20/08) | 9,983.81 |
| Rebecca Miller (8/3/08) | 8,231.58 |
| Joyce Mitchell (8/8/07) | 5,853.65 |
| Linda Nash (8/24/08) | 10,094.00 |
| Nancy Nesbit (6/15/08) | 6,410.95 |
| Sherry Norrad (8/24/08) | 7,457.97 |
| Peggy Odom | 5,155.37 |
| Kathy Payne (8/3/08) | 13,522.16 |
| Chantelle Pedigo (3/14/07) | 962.50 |
| Cathleen Perry (8/24/08) | 3,214.80 |
| Wanda Perry (5/30/07) | 1,934.47 |
| Shellie Pike | 70.00 |
| Richard Phillips (11/18/07) | 20,083.62 |
| Misty Pillar | 630.37 |
| Richard Reagan (5/23/07) | 4,502.58 |
| Debra Richardson | 74.35 |
| Renee Riddle (8/24/08) | 3,691.98 |
| Gina Roddy (8/24/08) | 3,958.98 |
| Brandy Rohweder (7/18/07) | 1,974.31 |
| Pamela Runions (7/25/07) | 7,123.36 |
| Kathy Ryan (11/11/07) | 18,509.09 |
| LaKeisha Sanders (8/4/08) | 1,460.96 |
| Kim Sells (9/12/07) | 11,879.58 |
| Margaret H. Scott (8/3/08) | 3,511.60 |
| Mistee Silvey (8/3/08) | 7,086.71 |
| George Shannon (9/10/06) | 3,863.74 |
| Angelia B. Smith (8/17/08) | 15,710.85 |
| Jennifer Smith (8/24/08) | 971.78 |
| Susan Sneed (8/24/08) | 8,345.91 |
| Marti Stafford (10/3/07) | 1,114.41 |
| Wendy Jo Stewart | 4,234.00 |
| Janice Stinson (7/15/07) | 2,365.31 |
| Terry Sutton (7-9-07) | 3,257.46 |
| Anisa Threadgill (8/31/08) | 636.18 |

Exhibit A

| Name | Amount |
|---|---:|
| Eric Threadgill (5/25/08) | 19,569.14 |
| Kimberly Tiller(6/22/08) | 8,409.04 |
| Janice Townes | 10,764.16 |
| Janis Trent (7/6/08) | 10,332.28 |
| Mary Walker (8/1/07) | 21,219.06 |
| Pam Webster (8/1/07) | 85.00 |
| William Webster (9/20/06) | 764.25 |
| Tina White (8/8/07) | 8,121.55 |
| Lela Whited (8/24/08) | 18,236.09 |
| Chionta Winkfield | 4,030.00 |
| Tosha Wood (2/17/08) | 4,576.67 |
| Felisa Wright (8/8/07) | 35,469.68 |
| Vicki Yost (3/2/08) | 2,306.73 |
|  |  |
|  | 856,120.53 |

## Calculation Chart
### Crouch et al v. Guardian Angel et al
### No. 3:07-0541
### *$*=Bankruptcy

| Name of Client | Unpaid Overtime | Recalculated OT to include $1.88 per hour of on-call pay | | |
|---|---|---|---|---|
| Sherry Abston (9/23/07) | 19,018.40 | 20,645.81 | | |
| Nakia Campbell (1/27/08)*$* | 1,986.92 | 2,075.44 | | |
| Sandy Conatser (8/24/08) | 14,115.18 | 15,446.28 | | |
| Linda Cooper (9/9/07) | 3,298.19 | 3,537.27 | | |
| Helen Green (8/24/08 | 7,136.52 | 8,207.35 | | |
| Shauna Hensley (5/16/07) | 11,365.13 | 11,770.11 | | |
| Christin Johnson (1/21/07) | 27,584.90 | 30,851.40 | | |
| Lisa Johnson (8/8/07) | 25,372.28 | 25,618.67 | | |
| Cynthia Keller (8/4/08) | 5,022.43 | 5,853.86 | | |
| Patty Mason (7/07) | 21,136.64 | 24,222.34 | | |
| Pat Plaskett (4/20/08) | 28,801.06 | 30,701.56 | | |
| John Quinn (4/18/07) | 7,132.10 | 7,545.70 | | |
| Mary Reagan (9/19/07) | 27,747.00 | 31,949.08 | | |
| John Sawyer *$* | 7.143.63 | 7,366.88 | | |
| Karen Stafford *$* (8/1/07) | 9,433.46 | 9,978.21 | | |
| Sean Worley (8/8/07) | 6,380.66 | 7,369.54 | | |
| Subtotal: | | | | |
| Total | | 243,139.50 | | |