UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JUDY CROUCH, et al., on behalf of themselves and all others similarly situated, *et al.* | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 3:07-cv-00541 WISEMAN/BRYANT |
| GUARDIAN ANGEL NURSING, INC., a Tennessee corporation, GUARDIAN ANGEL NURSING, INC., a Mississippi corporation, ON-CALL STAFFING OF TENNESSEE, INC. d/b/a LEAWOOD, INC.; ON-CALL STAFFING, INC. d/b/a LEAWOOD, INC. , LEAWOOD, INC., QUALITY CARE HOME HEALTH AGENCY, INC., a Tennessee corporation, E.L. "Lee" GARNER, JR., and E.L. "Lee" Garner, III, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND EXPENSES**

COME NOW plaintiffs, by and through undersigned counsel, and in support of their Motion for Attorneys Fees and Expenses, they incorporate the attached Affidavits A – D and Declaration state further as follows:

**FACTS**

Twelve (12) licensed practical nurses ("LPNs") filed suit on May 18, 2007, against the five (5) corporate defendants for violations of the Fair Labor Standards Act, 29 *U.S.C.* § 201 *et seq.* for failure to pay overtime. (DE# 1). Among other things, plaintiffs sought damages for unpaid overtime for a three (3) year period for defendants' intentional conduct in failing to pay overtime, an equal amount in liquidated damages for defendants' bad faith and attorney fees and

litigation expenses. Plaintiffs amended their Complaint on June 27, 2007, adding two (2) individual defendants, another corporate defendant and 23 more plaintiffs. (DE#41). At the time of trial there were 132 plaintiffs and opt-ins. On May 29, 2007, plaintiffs requested Class Certification (DE# 13), but this was opposed by defendants and ultimately denied by the Court as moot on December 1, 2009 (DE# 299)[1].

Discovery has been exhaustive during this litigation. Plaintiffs' counsel propounded six (6) sets of Request for Admissions and greater than 40 sets of Interrogatories and Requests for Productions to defendants. Defendants forwarded Interrogatories and Requests for Production of Documents to 41 plaintiffs, all of which were contacted in order to obtain information and documents responsive to defendants' discovery requests. Twenty-four (24) interrogatory responses were drafted, but thereafter, defendants agreed to reduce the number of responses due. Plaintiffs finalized and submitted 16 interrogatory responses/supplements and documents to defendants. Defendants noticed 12 plaintiffs for depositions. Counsel prepared 11 plaintiffs for depositions, but only eight (8) were deposed. Plaintiffs' counsel deposed nine (9) defendants and/or defendants' witnesses. (Affidavit of Cynthia A. Wilson – Exhibit A).

Defendants filed four (4) Motions to Dismiss and/or for Motions for Summary Judgment and Plaintiffs' filed two (2) Motions for Partial Summary Judgment, to which opposing parties filed Responses, Replies and additional Undisputed Material Facts. This process of filing and responding to such Motions was laborious and all timing consuming. In particular, one (1) of Plaintiffs' Responses to Defendants' Undisputed Material Facts was 57 pages. (DE# 210). Plaintiffs efforts were acknowledged by the Court. As the Court stated, "Plaintiffs have now filed their own motion for partial summary judgment which has been completely—even exhaustively

---

[1] As a result of not having a class representative, plaintiffs' counsel was required to consistently communicate with nearly all plaintiffs, which was in addition to regularly sending all plaintiffs status reports.

—briefed in accordance with the federal and local rules." (DE# 291). Plaintiffs were successfully granted summary judgment on the issues of employer-employee relationship between plaintiffs and all defendants excepting Quality Care Home Health Agency, Inc. ("Quality") and Lee Garner, III. Further, plaintiffs were granted summary judgment on the issue of defendants' lack of good faith and awarded liquidated damages. Finally, summary judgment was granted plaintiffs on the issue of defendants' intentional conduct allowing for the statute of limitations period to be extended to three (3) years, thereby increasing the awards of backpay and liquidated damages for nearly all plaintiffs.

The issues tried on December 15, 2009, were whether defendants Quality and Lee Garner, III were plaintiffs' employer, the latter of which the Court held to be plaintiffs' employer by final Order entered on January 4, 2010. (DE# 209, clarified DE# 210). Plaintiffs were awarded $2,198,519.86 in damages. (*Id.*)

Pursuant to § 216(b) plaintiffs file this Memorandum in support of their Petition for an Award of Attorneys' Fees and Expenses for Cynthia A. Wilson, Kenneth S. Williams and Craig D. Madewell. (Exhibit A and Affidavit of Kenneth S. Williams - Exhibit "B").

## **ARGUMENT**

Under the FLSA, "the court in such actions shall, in addition to any judgment awarded to the plaintiff or the plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and the costs of the action." 29 *U.S.C.* § 216(b). "[A]n award of attorney fees under § 216(b) is mandatory but the amount awarded is within the discretion of the district court." *United Slate Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984). "The purpose of the FLSA attorney's fees provision is to 'insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances...' " *Farmer v.*

*Ottawa County*, 200 WL 420698 at *7 (6th Cir.2000) (citations omitted). The FLSA does not define what constitutes a reasonable fee, nor how fee determinations should be made. The Sixth Circuit advises that attorney's fees must be set in an amount that is "reasonable," and the starting point has been a "lodestar" calculation, which is the product of the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate. *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir.2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Under § 216(b), plaintiffs are entitled to reasonable hourly rates that fall within the prevailing marketplace rates in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 79 L.Ed.2d 891, n.11. (1984). The relevant community for a fee determination is the judicial district in which the trial court is located, and in this case, the United States District Court for the Middle District of Tennessee. The attached affidavits of Daniel H. Rader, III and , T. Michael O'Mara and Declaration of Trevor Howell, all reputable and experienced trial attorneys, reflect that the number of hours expended by plaintiffs' counsel in the prosecution of plaintiffs' case were necessary and reasonable and the hourly rates charged by plaintiffs' counsel are reasonable. (See attached Affidavits of Daniel H. Rader, III, Exhibit "C" and T. Michael O'Mara, Exhibit "D"; and Declaration of Trevor Howell, Exhibit "E"). Further, the Court should consider 12 factors when determining the reasonableness of the hours expended and the hourly rates: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Blanchard v. Bergeson,* 489 U.S. 87, 90-93, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). Such amount may then be adjusted upwards or downwards, as the district court finds necessary under the circumstances of the particular case[2]. These factors may also be considered in determining the appropriateness of an attorney fee enhancement award. *United Slate, Tile and Composition Roofers v. G & M Roofing & Sheetmetal Co.,* 732 F.2d 495, 502-03, fn. 3, (6th Cir. 1984).

Generally, there is a "strong presumption" that a prevailing party is entitled to the lodestar amount. *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir.2000) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992)). However, a court may adjust the lodestar "to reflect relevant considerations" of the particular case, including the above mentioned twelve factors. *Adcock-Ladd*, 227 F.3d at 349. The Supreme Court found that "the most crucial factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. Ultimately, district courts should "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*. at 435.

The Affidavit of Cynthia A. Wilson, lead counsel, reflects that she is an experienced attorney who was precluded from taking other cases and/or handling other matters during the 2 ½ years she was representing plaintiffs secondary to the lack of a representative plaintiff, the number of plaintiffs with whom she was required to regularly communicate and the vast discovery and motion practice demands of the case *sub judice*. (Exhibit "A"). The Affidavit of

---

2  Plaintiffs were successful on all claims except their conversion theory of liability and against all defendants except Quality. Since these unsuccessful causes of action were based on "a common core of facts or [are] based on related legal theories," plaintiffs fees should not be reduced. *Hensley,* 461 U.S. at 435. The Sixth Circuit has followed suit in finding that attorney's fees should not be reduced by the ratio of successful claims to claims overall. See *Phelan v. Bell*, 8 F.3d 369, 374 (6th Cir.1993).

Ken Williams verifies similarly. (Exhibit B). The excellent results obtained by plaintiffs' counsel justify the fees and expenses requested by plaintiffs' counsel and the same are reasonable.

For the reasons set forth herein and the attached affidavits and exhibits hereto, plaintiff respectfully requests this Court to order an award of attorney fees of a base fee of $289,946, expenses of $10,625.96 and an enhancement of $28,994, representing 10% of the base fee for a total of $329,565.96 for Cynthia A. Wilson; a base fee of $183,330, expenses of $2,890.09 and an enhancement of $18,330, representing 10% of the base fee for a total of $204,550.09 for Ken Williams and $5,722.50 of attorney fees for Craig D. Madewell for 32.7 hours of work at a rate of $175 per hour. Further, the undersigned requests that such enhancement be awarded for the important and significant results obtained herein and to ensure that individuals with similar causes of action are represented by competent counsel.

Respectfully submitted,

//s//Cynthia A. Wilson
Cynthia A. Wilson (#13145)
Kenneth S. Williams (#10678)
Madewell, Jared, Halfacre, Williams & Wilson
230 North Washington Avenue
Cookeville, Tennessee 38501
(931) 526-6101
Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

      I, Cynthia A. Wilson, the undersigned attorney do hereby certify that a true and exact copy of the foregoing pleading has been served on opposing counsel of record and identified below by electronic filing (ECF), contemporaneously with the electronic filing of this pleading on this 3rd day of February, 2010.

      Steve Shields, Esquire and James L. Holt, Jr., Esquire
      Jackson, Shields, Yeiser, Holt & Speakman
      262 German Oak Drive
      Cordova, Tennessee 38018.

      /s/ Cynthia A. Wilson
      Cynthia A. Wilson