IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JUDY CROUCH, *et al.*,                  )
on behalf of themselves and all others  )
similarly situated,                     )
                                        )
    Plaintiffs,                         )
                                        )
v.                                      )   Civil Action No. 3:07-cv-00541
                                        )
GUARDIAN ANGEL NURSING, INC., *et al.*, )
                                        )
    Defendants.                         )

## ORDER

    Before the Court is Plaintiffs' post-judgment motion for attorneys' fees and expenses (Doc. No. 313). The parties agree that Plaintiffs, having prevailed in this action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), are entitled to an award of reasonable attorneys' fees, but they do not agree that the amount sought by Plaintiffs is "reasonable." An award of fees is mandatory under the statute, but the amount to be awarded is within the Court's discretion. *United Slate, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984).

    Although the FLSA does not define what constitutes a "reasonable" fee, the Sixth Circuit has advised that the starting point for computing an appropriate fee is the "lodestar" calculation, which is the product of the number of hours reasonably spent on the case multiplied by a reasonable hourly rate. *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The reasonableness of an attorney's hourly rate is gauged with reference to the prevailing marketplace rates in the community for similar services by lawyers with comparable skill, experience and reputation. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). The relevant community for a fee determination is the judicial district in which the trial court is located, in this case the Middle District of Tennessee.

    The product of the hourly rate times the number of hours worked "produces a reasonably objective 'initial estimate of the value of a lawyer's services.'" *United Slate*, 732 F.2d at 502 (quoting *Hensley,* 461 U.S. at 432). However, "[t]he product of reasonable hours times a reasonable rate does not

end the inquiry." *Hensley*, 461 U.S. at 432. "[O]ther considerations that may lead the district court to adjust the fee upward or downward," *id.*, include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Blanchard v. Bergeron*, 489 U.S. 87, 91 n.5 (1989) (citing *Johnson v. Ga. Hwy Express*, 488 F.2d 714, 717–19 (5th Cir. 1974)).[1] In considering a request for attorneys' fees, the Court must also determine whether the party seeking the award has sufficiently documented its claim. *United Slate*, 732 F.2d at 502.

In support of their motion, Plaintiffs have filed the affidavit of lead counsel Cynthia A. Wilson and co-counsel Kenneth S. Williams, who attest to the efforts they made in this case and document their and associate counsel Craig Madewell's educational and professional background and legal experience. Also submitted are itemized billing records for all three attorneys. In addition, Plaintiffs have submitted affidavits from three experienced lawyers at other firms in the community, all of whom aver that the number of hours expended by Plaintiffs' counsel in this matter and the hourly rate charged ($350 for Wilson and Williams; $175 for Madewell) are reasonable and customary for this type of litigation. Plaintiffs seek a total attorneys' fee in the amount of $526,322.50, which represents a base amount of $289,946 for Ms. Wilson's time, plus a ten-percent "enhancement" of $28,994; a base fee of $183,330 and a ten-percent enhancement of $18,330 for Mr. Williams' work; and $5,722.50 for Mr. Madewell's work. While recognizing the "strong presumption" that the prevailing party is entitled to a fee award of the lodestar amount, Plaintiffs argue that the various factors to be considered, outlined above, support the ten-percent enhancement over the lodestar figure. The particular factors to which Plaintiffs point as justifying such an enhancement are the degree of success obtained and the fact that Plaintiffs' counsel were precluded from taking other cases due to the demands placed upon them by this case.

Defendants have filed a response in opposition to the motion in which they argue that the amount of the fee requested by Plaintiffs' counsel is unreasonably high. This argument is premised on three

---

[1] In *Hensley*, the Supreme Court noted that many of these factors identified in *Johnson* "are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n.9 (citation omitted).

separate grounds: (1) that the case could and should have been consolidated with the companion case, *Wilson et al. v. Guardian Angel Nursing, Inc., et al.*, Case No. 3:07-cv-69; (2) that the attorney's fee award demanded in *Wilson* is roughly half that demanded in this case although the *Wilson* case involved more plaintiffs; and (3) that nothing in this case justifies a Lodestar enhancement. However, as Plaintiffs point out in a reply brief, Defendants have not objected to the hourly rates charged by any attorney or paralegal; they have not pointed to any particular time entry as duplicative or unnecessary; they do not dispute the expert testimony offered in the affidavits of Daniel H. Rader, Michael O'Mara or Trevor Howell attesting to the reasonableness of the time expended and/or the hourly rates charged by Plaintiffs' counsel; and they have not submitted affidavits from their own counsel disputing the necessity or reasonableness of any of the work performed by Plaintiffs' counsel. In addition, Plaintiffs' argue that, with respect to consolidation, Defendants had the burden to move for relief if they believed doing so would have saved time, effort or money for their client, but they never did so. Plaintiffs also contend that the matter *sub judice* was more intensely litigated than *Wilson* insofar as it involved a greater number of contested motions (including a meritless Motion for a Change of Venue to Mississippi (Doc. No. 50) early in the course of these proceedings) as well as substantially more written discovery and depositions taken on both sides. Finally, Plaintiffs emphasize the fact that they sought Class Certification, which Defendants opposed when such certification would generally have had the effect of streamlining Plaintiffs' counsel's work.

In light of the record in this case and all the relevant factors enumerated above, the Court finds that the hourly rates charged by Plaintiffs' counsel and paralegals on the file are reasonable and within the range of fees customarily charged in this community for legal work of comparable complexity by lawyers of comparable skill, and that the amount of time expended by Plaintiffs' counsel on this extremely protracted litigation was adequately documented and also reasonable. Conversely, the Court does not find that Plaintiffs have established that an enhancement of the lodestar amount is warranted. The lodestar calculation in this case yields a reasonable fee under all the circumstances.

Finally, with respect to their request for costs, the Court notes that Plaintiffs have not filed an actual Bill of Costs but that the parties have stipulated that costs in the amount of $9,625.09 were reasonably incurred in the prosecution of this case and are recoverable under the applicable laws.

Accordingly, Plaintiffs' motion for attorneys' fees and costs is **GRANTED** as follows:  Plaintiffs shall be entitled to recover from Defendants attorneys' fees in the amount of **$478,998.50** and the costs of litigation totaling **$9,625.09**.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge